Catherine MacDONALD, Plaintiff-Appellant,

v.

BOARD OF REGENTS OF the UNIVERSITY OF MICHIGAN, Defendant-Appellee.

No. 16936.

United States Court of Appeals Sixth Circuit.

Jan. 27, 1967.

---

———◆———

Konrad D. Kohl, Detroit, Mich. (Davidson, Gotshall, Kelly, Halsey & Kohl, Detroit, Mich., on the brief), for appellant.

Charles T. McGorsick, Detroit, Mich. (Ward, Plunkett, Cooney, Rutt & Peacock, William P. Cooney, Thomas A. Neenan, Detroit, Mich., on the brief), for appellee.

Before PHILLIPS, EDWARDS and CELEBREZZE, Circuit Judges.

PER CURIAM.

Plaintiff-appellant is a citizen and resident of the Province of Nova Scotia, Canada. On February 2, 1965, she filed suit in the United States District Court for the Eastern District of Michigan against the Board of Regents of the University of Michigan, alleging that while a patient in the University of Michigan Hospital, she had suffered injuries as a result of the negligence of employees of that hospital.

Appellee Board of Regents filed an answer in this cause on February 24, 1965. On June 29, 1965, a pretrial order was entered by the United States District Judge which recited in part: "Defendant contemplates filing a motion challenging the jurisdiction of this Court and such motion shall be filed without delay." The order also granted defendant leave to amend its answer within 15 days in order to challenge jurisdiction.

Subsequently, on July 6, 1965, the Board of Regents filed a motion to dismiss, alleging: "That this court is without jurisdiction to hear the issues here involved and that the plaintiff's exclusive remedy, if any, is with the Court of Claims of the State of Michigan."

The parties concede that the defendant here, the Board of Regents of the University of Michigan, is for all legal purposes one and the same as the State of Michigan itself.

The Eleventh Amendment of the Constitution of the United States provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

Appellant concedes that absent appellee's answer in this cause, the Eleventh Amendment would be a final bar to the United States District Court having jurisdiction over this litigation. Appellant, however, argues that filing of an answer should be read by this court, and should have been by the District Judge, as a waiver of its right to assert lack of jurisdiction.

We do not believe that a constitutional proscription against the judicial power of the United States being construed to extend to any suit commenced by a citizen of a foreign state against one of the United States can be waived by such a technical error. Ford Motor Co. v. Dept. of Treasury of State of Indiana, 323 U.S. 459, 65 S.Ct. 347, 89 L. Ed. 389 (1945).

In the *Ford* case, the claim of lack of jurisdiction due to the Eleventh Amendment was first made and argued by the

**820**

state in the Supreme Court. The Supreme Court therein stated:

"This was in time, however. The Eleventh Amendment declares a policy and sets forth an explicit limitation on federal judicial power of such compelling force that this Court will consider the issue arising under this Amendment in this case even though urged for the first time in this Court." Ford Motor Co. v. Department of Treasury of State of Indiana, supra at 467, 65 S.Ct. at 352.

The order of the District Court is affirmed.